UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2010 Grand Jury

CR 10 00415

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 10-_____ |
| Plaintiff, | ) ) | <u>I N D I C T M E N T</u> |
| v. | ) ) | [18 U.S.C. § 1341: Mail Fraud; |
| DAVID L. CULBERTSON, | ) ) | 18 U.S.C. § 2(b): Causing an Act to Be Done] |
| Defendant. | ) ) ) | |

The Grand Jury charges:

COUNTS ONE THROUGH SEVEN

[18 U.S.C. §§ 1341, 2(b)]

A.   <u>INTRODUCTION</u>

At all times relevant to this Indictment:

<u>Defendant, Raytheon, and the National Reconnaissance Office</u>

1.   Defendant DAVID L. CULBERTSON ("CULBERTSON") was employed as a security manager at Raytheon Company ("Raytheon"), where he was responsible for ensuring that Raytheon's programs complied with governmental security policies.  Defendant CULBERTSON resided in Cypress, California, within the Central District of California.

2.    Raytheon was a government contractor headquartered in Waltham, Massachusetts.  One of Raytheon's subdivisions, Raytheon Space and Airborne Systems ("SAS"), was a leading provider of sensor systems for military forces, and was headquartered in El Segundo, California, within the Central District of California.  Defendant CULBERTSON worked at SAS.

3.    SAS had numerous contracts with the National Reconnaissance Office ("NRO"), a Department of Defense ("DoD") agency funded through the National Reconnaissance Program.  The NRO designed, built, and operated reconnaissance satellites for agencies such as the DoD and the Central Intelligence Agency, to warn of potential trouble spots around the world, help plan military operations, and monitor the environment.  The Director of the NRO reported to the Secretary of Defense, and was appointed by the Secretary of Defense with the concurrence of the Director of National Intelligence.

The Cell Phone Program

4.    In or about 1989, defendant CULBERTSON was tasked with establishing and maintaining a cellular phone program ("Cell Phone Program") in which he would acquire cell phones for Raytheon personnel working in certain programs, pay the bills associated with those cell phones, and receive reimbursement from Raytheon.  The purpose of the Cell Phone Program was to allow participating employees to use their cell phones for business purposes without revealing the employees' connection to Raytheon.  As many as approximately 49 SAS employees ultimately participated in the Cell Phone Program.

5.   Defendant CULBERTSON would pay for the expenses associated with the Cell Phone Program by writing personal checks to the phone companies, obtaining money orders from convenience stores, and charging an American Express credit card in his name.

6.   Defendant CULBERTSON sought reimbursement from Raytheon for the expenses associated with the Cell Phone Program in various ways.  Initially, defendant CULBERTSON sought reimbursement through petty cash requests.  In or about January 2002, defendant CULBERTSON also began seeking reimbursement through check requests.  And in or about November 2003, defendant CULBERTSON began seeking reimbursement by submitting expense reports as well.

7.   In seeking reimbursement from Raytheon for the expenses associated with the Cell Phone Program, defendant CULBERTSON was required to obtain approval from both Raytheon's finance department and one of his supervisors in the security department.

8.   Between in or about January 2003 and in or about May 2006, defendant CULBERTSON submitted reimbursement requests to Raytheon claiming a total of approximately $398,602 in expenses associated with the Cell Phone Program.  After reimbursing defendant CULBERTSON, Raytheon in turn billed the NRO for those expenses, as indirect charges to overhead, pursuant to various government contracts between Raytheon and the NRO.

9.   In or about September 2005, defendant CULBERTSON was directed to terminate the Cell Phone Program.  Defendant

1  CULBERTSON's last requests for reimbursement relating to the

2  Cell Phone Program were submitted in or about May 2006.

3  B.    SCHEME TO DEFRAUD

4         10.   Beginning no later than in or about January 2003, and

5  continuing through in or about May 2006, in Los Angeles County,

6  within the Central District of California, and elsewhere,

7  defendant CULBERTSON, knowingly and with intent to defraud,

8  devised, participated in, and executed a scheme to defraud

9  Raytheon and the NRO as to material matters, and to obtain

10  money and property from Raytheon and the NRO by means of

11  material false and fraudulent pretenses, representations, and

12  promises, and the concealment of material facts.

13         11.   The fraudulent scheme operated, in substance, in the

14  following manner:

15              a.    Defendant CULBERTSON abused his position as the

16  Raytheon security officer in charge of the Cell Phone Program

17  by submitting false and fraudulent reimbursement requests to

18  Raytheon, resulting in over-billing and false claims to the

19  NRO.

20              b.    Defendant CULBERTSON used the three different

21  methods of seeking reimbursement -- petty cash requests, check

22  requests, and expense reports -- in order to double-bill and in

23  some cases triple-bill Raytheon for the same cell phone

24  expenses.   By using different methods of reimbursement,

25  defendant CULBERTSON concealed that he was improperly seeking

26  double and triple reimbursements for the same cell phone

27  expenses.

28

4

c. In submitting his different requests for reimbursement, defendant CULBERTSON sought approval from different finance and security officers, in order to further conceal that he was seeking double and triple reimbursements for the same cell phone expenses.

d. Defendant CULBERTSON destroyed the billing records associated with the Cell Phone Program in order to conceal his fraudulent conduct.

e. As part of the fraudulent scheme described above, defendant CULBERTSON improperly obtained approximately $257,171 from Raytheon, and caused false claims to be submitted by Raytheon to the NRO in the same amount.

C. USE OF THE MAILS

12. On or about the dates set forth below, within the Central District of California and elsewhere, defendant CULBERTSON, for the purpose of executing the above-described scheme to defraud, willfully caused the following items to be deposited with and to be delivered by a commercial interstate carrier, according to the directions thereon:

| COUNT | DATE | ITEM DELIVERED |
|---|---|---|
| ONE | 11/5/04 | Check number 7000228120, in the amount of $3,498.77, issued by Raytheon on or about November 5, 2004, sent from Dallas, Texas, to El Segundo, California |
| TWO | 12/1/04 | Check number 7000240604, in amount of $2,083.14, issued by Raytheon on or about December 1, 2004, sent from Dallas, Texas, to El Segundo, California |

| COUNT | DATE | ITEM DELIVERED |
|-------|------|----------------|
| THREE | 12/9/04 | Check number 7000244371, in the amount of $2,032.52, issued by Raytheon on or about December 9, 2004, sent from Dallas, Texas, to El Segundo, California |
| FOUR | 6/24/05 | Check number 4000016325, in the amount of $3,730.90, issued by Raytheon on or about June 24, 2005, sent from Dallas, Texas, to El Segundo, California |
| FIVE | 8/2/05 | Check number 4000038655, in the amount of $4,026.99, issued by Raytheon on or about August 2, 2005, sent from Dallas, Texas, to El Segundo, California |
| SIX | 8/22/05 | Check number 4000049145, in the amount of $4,136.34, issued by Raytheon on or about August 22, 2005, sent from Dallas, Texas, to El Segundo, California |
| SEVEN | 11/14/05 | Check number 4000097005, in the amount of $3,608.19, issued by Raytheon on or about November 14, 2005, sent from Dallas, Texas, to El Segundo, California |

6

1

## NOTICE OF FORFEITURE

2      As a result of the violations of Title 18, United States

3 Code, Section 1341 set forth in this Indictment, defendant

4 DAVID L. CULBERTSON shall forfeit to the United States,

5 pursuant to Title 28, United States Code, Section 2461(c) and

6 Title 18, United States Code, Section 981(a)(1)(C), any

7 property, real or personal, that constitutes or is traceable to

8 the proceeds of such offenses.

9      If any of the property subject to forfeiture, as the

10 result of any act or omission of the defendant:

11      (a)   cannot be located with the exercise of due diligence;

12      (b)   has been transferred or sold to, or deposited with, a

13            third party;

14      (c)   has been placed beyond the jurisdiction of the Court;

15      (d)   has been substantially diminished in value; or

16      (e)   has been commingled with other property that cannot

17            be divided without difficulty;

18 it is the intent of the United States to seek forfeiture of any

19 other property of the defendant up to the value of the property

20 //

21 //

22

23

24

25

26

27

28

1   subject to forfeiture, pursuant to Title 21, United States

2   Code, Section 853(p).

                                    A TRUE BILL

                                    /S/
                                    _____
                                    Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

*Christine C Ewell*

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

BEONG-SOO KIM
Assistant United States Attorney
Acting Chief, Major Frauds Section

8